1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALCHEMIE M.,

                 Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C21-0974-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 2000, graduated from high school and has some college education, and has never worked.  AR 601.

In May 2019, Plaintiff applied for benefits, alleging disability as of October 1, 2005.  AR 155-60.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 74-77, 79-82.  After the ALJ conducted hearings in July and December 2020 (AR 30-45, 596-612), the ALJ issued a decision finding Plaintiff not disabled.  AR 13-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**:  Plaintiff has the following severe impairments: juvenile rheumatoid arthritis, autism, scoliosis, and attention deficit hyperactivity disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform light work with additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently.  She can stand/walk for two hours in an eight-hour workday, and sit for about six hours.  She can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds.  She can occasionally stoop, kneel, crouch, and crawl.  She can frequently handle and finger bilaterally.  She can understand, remember, and carry out simple, routine instructions.  She can have brief and superficial interaction with supervisors, coworkers, and the public.  She can maintain concentration, persistence, and pace within these parameters.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 13-25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical opinion evidence and in discounting her subjective complaints. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.[3]

---

[3] The Court notes that the Commissioner's brief contains notations of tracked changes in the footer on every page, as well as the signature block. Dkt. 24. Counsel is reminded to accept all changes before filing briefs in the future.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

1

**A.      The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

2

Plaintiff challenges the ALJ's assessment of opinions written by examining psychologist

3

Mark Hawley, Ph.D., and treating nurse practitioner Bethany Rena Smith, ARNP.  The Court

4

will address each disputed opinion in turn.

5

*1.      Legal Standards*

6

Under regulations applicable to this case, the ALJ is required to articulate the

7

persuasiveness of each medical opinion, specifically with respect to whether the opinions are

8

supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency

9

and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*,

10

32 F.4th 785, 792 (9th Cir. 2022).

11

*2.      Dr. Hawley*

12

Dr. Hawley examined Plaintiff in July 2019 and wrote a narrative report describing her

13

symptoms and limitations.  AR 412-16.  Dr. Hawley described Plaintiff's marked adaptation and

14

social limitations, and found that she would be markedly impaired in meeting typical workplace

15

performance demands.  AR 415-16.  Dr. Hawley described Plaintiff's prognosis as "fair," going

16

on to elaborate:

17

18

19

20

> The claimant is planning to move to Idaho later this year to live with her
> stepfather.  Her first academic experience in college was disappointing, having
> failed two classes and being disenrolled from financial aid.  Claimant has no
> appreciable work history, and at her present level of maturation, she is incapable
> of full-time employment.  However, further pursuit of vocational and academic
> options and maturation may produce improvement in overall psychosocial and
> vocational functioning.  Reassessment in two to three years is recommended.

21

AR 415.  The ALJ discounted the disabling limitations described by Dr. Hawley as inconsistent

22

with his own examination findings and with Plaintiff's reported level of functioning:

23

> [Dr. Hawley's] own findings do not reflect a marked level of difficulty with social
> interactions and the claimant admitted to Dr. Hawley that she felt better when she

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

was engaging with her friends and her boyfriend. Nothing from his examination shows that she would struggle[] on a marked level as he opined, as she has been noted to have unimpaired insight and judgment, only a moderately impaired immediate memory and he felt she was able to reason and understand moderately complex ideas and instructions. His findings are inconsistent with his opinions and the opinions are also inconsistent with the claimant's own testimony and reports regarding her activities, which reflect ongoing interaction with friends. While the nature of her diagnosis may lead one to believe she would have problems meeting typical workplace demands, the diagnosis alone does not justify marked limitations.

AR 22.

Plaintiff raises several challenges to the ALJ's assessment of Dr. Hawley's opinion. First, Plaintiff argues that the ALJ erred in pointing to mental status examination findings because these are irrelevant to the social and emotional limitations that Dr. Hawley identified. Dkt. 17 at 6. Mental status examinations findings may not pertain to Plaintiff's social functioning, but mostly normal findings (with at most moderate impairment in concentration and memory) are reasonably inconsistent with Dr. Hawley's opinion that Plaintiff would be markedly limited in her ability to meet typical workplace performance demands. *See* AR 416. Plaintiff has not shown that the ALJ erred in finding Dr. Hawley's mental status findings to be meaningfully inconsistent with at least some of the limitations he identified.

Next, Plaintiff argues that the ALJ overstated her social activities, in finding them inconsistent with Dr. Hawley's conclusions. Plaintiff emphasizes her report that she socializes only once or twice monthly, and has struggled interpersonally. Dkt. 17 at 7-8. But Plaintiff's report indicates that she socializes "at least" once or twice monthly (AR 195) and she did not report even those limits to Dr. Hawley: when he asked whether she has friends, she reported that she has "a ton of friends" as well as a boyfriend, and that she spends time with them away from her home, going to the mall, watching movies, and participating in outdoor activities. AR 415. Dr. Hawley described Plaintiff's pleasant, appropriate, polite, and respectful behavior during the

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1   examination as well.  AR 414.  The ALJ did not err in finding that Dr. Hawley's findings

2   regarding Plaintiff's social limitations were inconsistent with his own observations as well as

3   with Plaintiff's reported social activities.

4       Lastly, Plaintiff points to other evidence in the record that she contends corroborates Dr.

5   Hawley's conclusions.  Dkt. 17 at 8-10 (citing AR 200-01, 353-55, 425-28, 447-49, 482, 526,

6   580-82, 588-89).  Some of this evidence, as well as other evidence in the record, however, is

7   consistent with the ALJ's interpretation of the evidence.  *See, e.g.*, AR 425-26 (describing

8   Plaintiff as enjoying "spending time with friends and family" and "[s]ocially, well-supported by

9   family and friends"), 448 (Plaintiff reports that her "[f]riendships are good" and that she has "a

10  supportive relationship with her boyfriend"), 594 (a treating source opinion that Plaintiff would

11  have marked limitations in public interaction, but at most moderate limitations in interacting with

12  co-workers and supervisors). The Court will not reweigh the evidence in Plaintiff's requested

13  manner, and finds that she has failed to show error in the ALJ's finding that Dr. Hawley's

14  conclusions are inconsistent with the evidence.

15      For these reasons, the Court finds that Plaintiff has failed to show that the ALJ erred in

16  assessing Dr. Hawley's opinion.

17          *3.    Ms. Smith*

18      Ms. Smith wrote a letter in July 2020 describing Plaintiff's need for "work assistance,"

19  which reads as follows, in relevant part:

20      Autism is a barrier for [Plaintiff].  She is highly intelligent but at times lacks
        situation awareness and social cues.  She is polite but often interrupts and has
21      trouble controlling her energy level or excitement.  She does well with frequent
        redirection by her parent who always accompanies her visit.  Redirection will not
22      always be available in the workplace.

23      I do see [Plaintiff] being able to thrive in some environments but would like her to
        have formal evaluation by Psychology or Neuropsych for a full recommendation

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

and evaluation.  Given the pandemic and limited resources this is not able to be
done in a reasonable time frame.  I am asking that you take into consideration her
mental health barriers as I have discussed above in the meantime.

AR 586.  In December 2020, Ms. Smith completed a checkbox form describing Plaintiff's

mental limitations.  AR 593-95.

The ALJ found Ms. Smith's July 2020 letter unpersuasive (AR 22-23), and found the

letter to be inconsistent with Ms. Smith's December 2020 checkbox opinion, which listed a few

marked limitations but otherwise rated Plaintiff's limitations as either none or moderate.  *See* AR

23 (citing AR 593-95).

Plaintiff first contends that the ALJ's rationale for discounting Ms. Smith's July 2020

letter is "not entirely apparent."  Dkt. 17 at 11-12.  The ALJ emphasized, however, that the

wording of Ms. Smith's letter, indicating that Plaintiff required work assistance and was capable

of thriving in certain environments, undermined any suggestion that Plaintiff was unable to work

in any environment.  AR 22-23.  The ALJ also found that although Ms. Smith had indicated that

during appointments Plaintiff required redirection from her parent, which would not be available

in the workplace, Plaintiff had nonetheless been able to graduate from high school and start

college courses.  AR 23.  The ALJ further pointed to other evidence indicating that Plaintiff

could perform simple, routine tasks with brief and superficial social interaction, which the ALJ

contrasted with Ms. Smith's letter and checkbox findings.  AR 23.  Lastly, the ALJ found that

Ms. Smith did not support her opinions with "actual observations made at examinations and

reports made to her by the claimant, whereby the claimant has noted good relationships with

friends and her family."  AR 23.  These findings are clearly stated in the ALJ's decision and

pertain to the supportability and consistency of the July 2020 letter.

1      Plaintiff goes on to, accurately, note that the ALJ did not separately and explicitly assess

2  the persuasiveness of Ms. Smith's December 2020 checkbox opinion, the regulations instruct

3  ALJs to consider the opinions of one source together rather than individually.  *See* 20 C.F.R. §

4  416.920c(b)(1).  The ALJ addressed both of Ms. Smith's opinions in the same paragraph and

5  adequately explained why he discounted the checkbox opinion to the extent it described

6  disabling limitations: because the record as well as Ms. Smith's own July 2020 letter suggested

7  that Plaintiff was capable of performing work under some conditions, and neither of Ms. Smith's

8  opinions was not supported with reference to clinical observations.  AR 22-23.  Even if the ALJ

9  did not organize his assessment of Ms. Smith's opinions with ideal clarity, the ALJ's logic can

10  be discerned and Plaintiff has not shown that the ALJ's findings are unreasonable or unsupported

11  by substantial evidence.  *Molina*, 674 F.3d at 1121 ("Even when an agency explains its decision

12  with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned."

13  (cleaned up)).

14      For these reasons, the Court finds no harmful error in the ALJ's assessment of the

15  challenged medical opinion evidence.

16      **B.      The ALJ Did Not Err in Discounting Plaintiff's Testimony**

17      The ALJ summarized Plaintiff's complaints and explained that he discounted them

18  because: (1) the evidence shows that Plaintiff's arthritis is generally controlled by medication,

19  and does not (even during flares) cause disabling functional limitations; (2) Plaintiff's mental

20  conditions were controlled by medication and did not cause disabling functional limitations; and

21  (3) Plaintiff's activities were inconsistent with disabling handling, fingering, concentration,

22  persistence, pace, and social limitations.  AR 19-21.  In the Ninth Circuit, an ALJ must provide

23

1    clear and convincing reasons to discount a claimant's testimony, absent evidence of malingering.

2    *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

3          As to the ALJ's first reason, Plaintiff contends that the ALJ cherry-picked evidence

4    showing that her arthritis was under control with medications, citing other evidence showing that

5    her pain flared and that providers recommended physical therapy.  Dkt. 17 at 17.  But the ALJ

6    himself acknowledged that Plaintiff continued to experience pain, and noted that when she did,

7    she took over-the-counter pain medication.  *See* AR 20.  The ALJ also indicated that Plaintiff

8    reported intermittent knee and wrist pain in January 2020, but that even with increased pain,

9    Plaintiff's functional findings continued to be normal.  *Id*.  Because the ALJ's decision itself

10   acknowledges that Plaintiff's arthritis was not entirely controlled by medication, Plaintiff does

11   not establish error in the decision by pointing to evidence of persistent pain.  The ALJ reasoned

12   that even when Plaintiff's pain did flare, she retained sufficient functionality to perform some

13   limited work, which is why the ALJ discounted Plaintiff's allegation of an inability to work due

14   to arthritis.  AR 20.  Plaintiff has not shown that the ALJ erred in finding that the objective

15   medical evidence was inconsistent with Plaintiff's allegation of disabling arthritis-related

16   limitations.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir.

17   2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's

18   subjective testimony.").

19         Plaintiff also disputes whether her activities contradict her allegations, noting that she

20   reported needing to take a break after playing video games for 2-3 hours, and thus her gaming

21   activity did not demonstrate that she could handle and finger on a frequent basis.  Dkt. 17 at 18.

22   Plaintiff also disputes whether the ability to concentrate on video games is equivalent to

23   concentrating on work tasks.  *Id*.  The Court agrees that the ALJ's findings regarding video

1  gaming do not identify any particular inconsistency nor do they demonstrate the existence of

2  transferable work skills, and thus the ALJ erred in relying on Plaintiff's video gaming as a reason

3  to discount her allegations.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may

4  undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the

5  threshold for transferable work skills[.]").

6  But the ALJ adequately explained why Plaintiff's social activities contradict her

7  allegation of disabling social limitations, rendering the video gaming finding harmless.  The ALJ

8  noted that Plaintiff claimed to be unable to work due to problems with social interaction, but

9  found that although she was observed to have problems getting along with family members

10  during an appointment, the record showed that she did not have problems interacting with her

11  friends and boyfriend.  AR 19-21.  Plaintiff reiterates her argument that the ALJ overstated her

12  social activities, but, as explained *supra*, the record contains substantial evidence supporting the

13  ALJ's interpretation of the record.  *See, e.g.*, AR 425-26 (describing Plaintiff as enjoying

14  "spending time with friends and family" and "[s]ocially, well-supported by family and friends"),

15  448 (Plaintiff reports that her "[f]riendships are good" and that she has "a supportive relationship

16  with her boyfriend"), 594 (a treating source opinion that Plaintiff would have marked limitations

17  in public interaction, but at most moderate limitations in interacting with co-workers and

18  supervisors).  Moreover, Plaintiff has not pointed to any evidence showing that Plaintiff ever

19  struggled to interact appropriately with providers; instead, providers routinely described Plaintiff

20  as pleasant, cooperative, and/or making good eye contact.  *See, e.g.*, AR 359, 379, 398, 401, 403,

21  405, 408, 414, 426, 455, 461, 463, 465, 468.  Plaintiff has not shown that the ALJ erred in

22  finding that the record contradicts Plaintiff's allegation of disabling social limitations.

23

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

Because Plaintiff has failed to show harmful error in the ALJ's assessment of her

testimony, the Court affirms this portion of the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

this case is **DISMISSED** with prejudice.

Dated this 22nd day of June, 2022.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11